**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PHILIP FRAZIER** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **NO. 25-CV-4008** |
| | : | |
| **BETTIE DUBOSE, *et al.*,** | : | |
| *Defendants* | : | |

**O R D E R**

**AND NOW**, this 24th day of August 2026, upon consideration of Plaintiff Philip Frazier's *pro se* [Twelfth] Amended Complaint (ECF No. 33), his subsequently filed [Thirteenth] Amended Complaint (ECF No. 34), Fourteenth Amended Complaint (ECF No. 37), [Fifteenth] Amended Complaint (ECF No. 38), [Sixteenth] Amended Complaint (ECF No. 39), and Seventeenth Amended Complaint (ECF No. 41), it is hereby **ORDERED** that:

1. Frazier's [Thirteenth], Fourteenth, [Fifteenth], [Sixteenth], and Seventeenth Amended Complaints are **STRICKEN,** as unauthorized.[1]

2. The Clerk of Court is **DIRECTED** to add Superintendent Sorber, Unidentified Medical Dispensary Supervisor, Unit Manager Strekoski, and Counselor Fioravanti as named Defendants to the Twelfth Amended Complaint.

---

[1] Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its pleading once as a matter of course . . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. *See* F. R. Civ. P. 15(a)(1) and (2). The referenced Amended Complaint (13-17) were filed without leave of Court and without the opposing parties' consent and are, therefore unauthorized. Moreover, as the Court explained to Frazier after he filed his Sixth Amended Complaint, the Court is not authorized to permit piecemeal amendment or gradual supplementation of the operative pleading. *See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims.") (internal quotations omitted). (*See* ECF No. 26.)

3. The Twelfth Amended Complaint is **DISMISSED** *in part* with prejudice**,** and *in part,* without prejudice, for the reasons set forth ibn the accompanying Memorandum, as follows:

a. Frazier's constitutional claims against Bettie, Phyllis and Camisha Dubose and his due process claim against Superintendent Sorber are **DISMISSED,** with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

b. Frazier's remaining constitutional claims are **DISMISSED,** without prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

c. Any state law claims Frazier seeks to assert are **DISMISSED,** without prejudice, for lack of subject matter jurisdiction.

4. Frazier may file an Eighteenth Amended Complaint within thirty (30) days of the date of this Order. Any Eighteenth Amended Complaint must identify all defendants in the caption of the Eighteenth Amended Complaint in addition to identifying them in the body of the Eighteenth Amended Complaint and shall state the basis for Frazier's claims against each defendant. The Eighteenth Amended Complaint shall be a complete document that does not rely on the initial Complaint or any subsequently filed amended complaint, or any other papers filed in this case to state a claim. It must contain all the claims and factual allegations Frazier seeks to state. **NO FURTHER VERSIONS OF AN AMENDED COMPLAINT ARE AUTHORIZED.** When drafting his Eighteenth Amended Complaint, Frazier should be mindful of the Court's reasons for dismissing the claims in his Twelfth Amended Complaint, as explained in the Court's Memorandum. Upon the filing of an Eighteenth Amended Complaint, the Clerk shall not make service until so **ORDERED** by the Court.

5. The Clerk of Court is **DIRECTED** to send Frazier a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Frazier may use this form to file his Eighteenth Amended Complaint if he chooses to do so.

6. If Frazier does not wish to further amend his claims and instead intends to stand on his Twelfth Amended Complaint as pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Twelfth Amended Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

7. If Frazier fails to file any response to this Order, the Court will conclude that Frazier intends to stand on his Twelfth Amended Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir.

may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

*/s/ Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).